# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ruben Garcia et al,<br><br>Plaintiff,<br><br>v.<br><br>Healthcare Services Group, Inc. et al,<br><br>Defendant. | 2:19-cv-03869-VAP-AFMx<br><br>**Order DENYING Plaintiffs' Renewed Motion for Preliminary Approval of Class Action Settlement (Dkt. 35).** |

Before the Court is Plaintiffs' renewed motion for preliminary approval of a class action settlement (the "Motion"). (Dkt. 35). Defendants do not oppose. The Court deems the Motion suitable for resolution without a hearing pursuant to Local Rule 7-15. After considering all papers filed in support of, and in opposition to, the Motion, the Court DENIES the Motion.

## I. BACKGROUND

Ruben Garcia, Gilberto Lopez, Luis Hernandez, Maria Gutierrez, Maria Mota, Nora Lucha, Raquel Rosas, and Soira Perez (collectively, "Plaintiffs") are current or former housekeeping, janitorial, and laundry employees of Healthcare Services Group, Inc. and HCSG West LLC (together, "Defendants"). (*Id.* at 5). Seeking to represent "[a]ll non-exempt employees employed by Defendants at Glendora Canyon Transitional Care Unit . . . at any time from February 20, 2015 through May 31, 2019" (Dkt. 23 at 11), Plaintiffs allege "that they were impeded

1

from taking breaks due to directives from their supervisor and that they were denied minimum and overtime wages, in part due to an uneven rounding policy." (Dkt. 35 at 5).

Plaintiffs filed this lawsuit in the Superior Court of California, County of Los Angeles on February 20, 2019, bringing claims for: (1) meal break violations, (2) rest break violations, (3) wage statement violations, (4) wage and hour violations, (5) unfair competition, and (6) penalties under California's Private Attorneys General Act ("PAGA"). (*Id.*). On May 3, 2019, Defendants removed the case to federal court. (*Id.*). Following several meet-and-confers and an informal exchange of information, the parties engaged in private mediation with Hon. Carl West (Ret.) on November 5, 2019 and emerged with a proposed settlement. (*Id.* at 6).

The parties' proposal provides a gross settlement amount of $137,500, payable by Defendants. (Dkt. 35-1 ¶ 13). Of this amount, Plaintiffs' counsel requests an award of one-third in attorney's fees ($45,833.33), costs not to exceed $10,000, class representative enhancements of $2,000 to each named plaintiff ($16,000 total), settlement administration costs of $7,500, and a PAGA allocation of $7,500. (*Id.* ¶ 14). After deductions, the putative class would receive a net settlement amount of approximately $50,666.67 to distribute among approximately 27 class members.

Plaintiffs moved for preliminary settlement approval on January 24, 2020. (Dkt. 23). The Court denied the motion on February 28, 2020, finding Plaintiffs failed to show (1) that the putative class met the certification requirements of Federal Rule of Civil Procedure 23 and (2) that the terms of the settlement were fair.

(*See generally* Dkt. 27). Plaintiffs now renew their motion for preliminary approval.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 23(e) provides that "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." "[S]trong judicial policy . . . favors settlements, particularly where complex class action litigation is concerned." *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). "The purpose of Rule 23(e) is to protect the unnamed members of the class from unjust or unfair settlements affecting their rights." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1100 (9th Cir. 2008).

Where a class has not yet been certified, parties seeking preliminary approval of a settlement must move simultaneously for certification of a settlement class. 4 W. Rubenstein, Newberg on Class Actions § 13:12 (5th ed. 2019) (hereafter, "Newberg"). Parties seeking class certification for settlement purposes must satisfy the requirements of Federal Rule of Civil Procedure 23. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

"Class actions have two primary purposes: (1) to accomplish judicial economy by avoiding multiple suits, and (2) to protect rights of persons who might not be able to present claims on an individual basis." *Longest v. Green Tree Servicing LLC*, 308 F.R.D. 310, 320 (C.D. Cal. 2015) (citing *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983)). Because "[t]he class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named

parties only," *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (citation and quotation marks omitted), Rule 23 "imposes stringent requirements for certification that in practice exclude most claims," *Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 234 (2013). Under Rule 23, a district court may certify a class only if

> "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class."

Fed. R. Civ. Proc. 23(a).

"Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc." *Dukes*, 564 U.S. at 350. *See also Zinser v. Accufix Research Institute, Inc.*, 253 F.3d 1180, 1186 ("the party seeking certification . . . bears the burden of showing she has met each of the four requirements of Rule 23(a) and at least one of the requirements of Rule 23(b)"); *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). The court can only certify a class if it "is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 160–61 (1982). Furthermore, courts must pay "undiluted, even heightened, attention" to class certification requirements in a settlement context. *Amchem Prod.*, 521 U.S. at 620.

### III. DISCUSSION

In its February 28, 2020 order denying Plaintiffs' motion for preliminary settlement approval, the Court held that Plaintiffs had failed to satisfy the requirements of Rule 23(a). (*See* Dkt. 27). Although the renewed Motion fares better in certain respects, it still does not demonstrate that the putative class is sufficiently numerous.

Under Rule 23(a)(1), Plaintiffs must show that "the class is so numerous that joinder of all members is impracticable." There is no specific number requirement, and the Court may examine the specific facts of each case. *Ballard v. Equifax Check Servs., Inc.*, 186 F.R.D. 589, 594 (E.D. Cal. 1999). *See also Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913–14 (9th Cir. 1964) (explaining "impracticability does not mean impossibility but only the difficulty or inconvenience of joining all members of the class" (internal quotations and citation omitted)). "As a general guideline, however, a class that encompasses fewer than 20 members will likely not be certified absent other indications of impracticability of joinder, while a class of 40 or more members raises a presumption of impracticability of joinder based on numbers alone." 1 Newberg at § 3:12. In the "grey area" between 20 and 40 putative class members, "courts consider factors such as 'the geographical diversity of class members, the ability of individual claimants to institute separate suits, and whether injunctive or declaratory relief is sought.'" *Ogbuehi v. Comcast of California/Colorado/Fla./Oregon, Inc.*, 303 F.R.D. 337, 345 (E.D. Cal. 2014) (quoting *Jordan v. L.A. Cnty.*, 669 F.2d 1311, 1319 (9th Cir.1982), *vacated on other grounds*, 459 U.S. 810 (1982)).

1  Here, Plaintiffs allege there are approximately 27 putative class members, a
2  figure squarely in Rule 23(a)'s "grey area." (Dkt. 35 at 7–8). The Court's previous
3  order stated that "the Court is not persuaded that joining 27 persons would be
4  impracticable, particularly without evidence to suggest whether geographical
5  diversity and the ability of claimants to prosecute individual suits weigh in favor of
6  numerosity" (Dkt. 27 at 6), and the same concern remains here. Plaintiffs'
7  suggestion that the putative class is geographically diverse simply because class
8  members "live throughout the Los Angeles region" (*id.* at 9) is not well-taken, and
9  in fact demonstrates that geography weighs in favor of joinder. The Court is
10 sympathetic to the argument that the value of individual claims makes individual
11 suits less appealing (*see id.* at 18 (alleging that the maximum average recovery at
12 trial would be $12,624.84 per putative class member)), but certain claims may be
13 large enough to justify prosecution, and Plaintiffs could also achieve economies of
14 scale by joining putative class members. Ultimately, a class size of 27 is simply too
15 small to warrant certification absent convincing evidence that other forms of
16 adjudication are impracticable. Plaintiffs have not carried their burden of
17 "affirmatively demonstrate[ing] . . . that there are in fact sufficiently numerous
18 parties" in the class they seek to represent. *Dukes*, 564 U.S. at 350.

20 Having found that the numerosity requirement is not satisfied, the Court does
21 not address the remaining requirements for approval of a class action settlement.
22 / / /
23 / / /
24 / / /

## IV. CONCLUSION

The Court therefore DENIES the Motion.

**IT IS SO ORDERED.**

Dated: 6/3/20

Virginia A. Phillips
Chief United States District Judge